UNITED STATES DISTRICT CIRCUIT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-60769-CIV-COHN/SELTZER

FINANCIAL BUSINESS EQUIPMENT
SOLUTIONS, INC., a Florida corporation,

    Plaintiff,

v.

QUALITY DATA SYSTEMS, INC.,
a foreign corporation,

    Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**
**ORDER GRANTING OTHER RELIEF REGARDING DEADLINES**
**ORDER CONTINUING TRIAL TO INCORPORATE NEW PRETRIAL DEADLINES**
**ORDER GRANTING MOTION TO DEPOSIT MONIES INTO ESCROW ACCOUNT**

THIS CAUSE is before the Court upon Defendant Quality Data System, Inc.'s Motion to Dismiss [DE 4], Defendant's Motion to Require Plaintiff to Deposit Monies into Restricted Account [DE 19], Defendant's Motion to File a Counterclaim [DE 35], and Defendant's Motion for Extension of Deadlines for Discovery and Dispositive Motions [DE 43].  The Court has carefully considered the motions, Plaintiff's Response to the Motion to Dismiss [DE 16] and Defendant's Reply thereto [DE 18], and is otherwise fully advised in the premises.  The Court regrets the delay in resolving these motions.

I.  BACKGROUND

This dispute arose when Plaintiff Financial Business Equipment Solutions, Inc. ("Plaintiff") attempted to fulfill its contract to supply coin counting machines to Bank of America.  In May, 2007, Plaintiff entered into negotiations to obtain these machines

from Billcon, an approved Bank of America vendor, though an individual named Pat Zambito.  Complaint, ¶¶ 7, 9.  Before signing an agreement with Billcon, Plaintiff alleges that Zambito represented that he spoke for Billcon, but that Zambito failed to disclose that he actually was a principal for a separate company called Quality Data Systems, Inc. ("QDS").  Id., ¶¶ 11-12.  Zambito allegedly also failed to disclose that QDS would be charging Plaintiff $200 per coin machine that Plaintiff procured from Billcon. Id., ¶ 14.  Plaintiff did enter into a supply agreement with Billcon.  A total amount of $1.2 million of coin counting machines were purchased from Billcon by Plaintiff and delivered to Bank of America pursuant to Plaintiff's agreements with these two non-parties.  Id., ¶ 15.

Plaintiff later received bills from QDS for payment of $200 per machine.  Id., ¶ 16.  Plaintiff sought to have Billcon repudiate QDS' involvement in the transaction, as QDS was not an authorized vendor for Bank of America, and the $200 extra cost cut directly into Plaintiff's profits.  Id., ¶ 18.  After Billcon refused, Bank of America terminated its agreement with Plaintiff.  Id., ¶¶ 19-20.

Plaintiff filed this action against QDS ("Defendant") alleging claims for fraud in the inducement, common law fraud, tortious interference with contractual and advantageous business relationships, and conversion.  Defendant has moved to dismiss the claims for the various reasons described below.  Plaintiff opposes the motion.

II.  DISCUSSION

Defendant argues that Plaintiff's Complaint fails to state a claim, fails to plead fraud with particularity, and does not comply with Florida's economic loss rule.  The Court will address each argument in turn.

### A.  Motion to Dismiss Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## B.  Pleading Fraud with Particularity

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The particularity requirement of Rule 9(b) serves an important purpose in fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted).  The application of Rule 9(b), however, must not abrogate the concept of notice pleading under the federal rules.  Id.; Friedlander v. Nims, 755 F.2d 810, 813 n.2 (11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

More specifically, the Eleventh Circuit stated in Ziemba that: "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  256 F.3d at 1202 (quotations and citations omitted); U. S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).  Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also

available to satisfy the rule.  Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

Defendant argues that Plaintiff has failed to meet this standard.  Plaintiff argues that it has explained the omissions and material misrepresentations (Complaint, ¶¶ 11-14), the time and place of each statement and the person making the statement or omission (May of 2007 by Pat Zambito during negotiations between Plaintiff and Billcon, Id., ¶¶ 7, 11, 12, 14), the content and manner in which Plaintiff was mislead (Id., ¶¶ 11, 12, 114, 16), and what defendants obtained ($200 per unit, Id., ¶¶ 14, 16). With the exception of the physical location where the omissions took "place," Plaintiff has met its pleading burden at this stage of the litigation.  In the context of pleading that Pat Zambito made the statements/omissions in May of 2007 during negotiations of the contract between Plaintiff and Billcon, this information is sufficient to satisfy Rule 9(b).

Defendant also asserts that Rule 9(b) requires Plaintiff to plead "the amount of the original unit price. . . , the amount of the revised price, the total amount of the alleged overcharge, how the unit price was changed . . ., when the unit price was changed, and who at Defendant was involved in the change."  Plaintiff has instead pled the $200 markup charged by Defendant.  How Plaintiff could know at the pleading stage how this markup was arrived at by Defendant is beyond the requirement of Rule 9(b).[1]  For purposes of pleading Defendant's alleged fraud with particularity, Plaintiff

---

[1] Certainly discovery will uncover the specifics of the contract between Billcon and Plaintiff and whether the $200 per unit markup was disclosed in the contract. Defendants will have an opportunity on summary judgment to argue whether this disclosure eliminates any fraud claim.  The Court makes no conclusion at this point whether or not such a disclosure precludes relief.

has met its burden.

## C. Economic Loss Rule and Fraud Claim

Defendant asserts that Plaintiff's fraud claims are barred by the economic loss rule, while Plaintiff asserts that it does not apply in this case. First, under Florida law, to state a cause of action for fraud in the inducement, a party must establish the following elements: 1) a false statement regarding a material fact; 2) the person making the statement knew or should have known that the representation was false; 3) intent by the person making the statement to induce action or reliance; and 4) injury suffered because of justifiable reliance on the representation. Biscayne Inv. Group, Ltd. v. Guar. Mgmt.Servs., Inc., 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (citing Samuels v. King Motor Co., 782 So. 2d 489 (Fla. 4th DCA 2001)). As discussed in the prior section, Plaintiff has sufficiently plead these elements for a claim of fraud in the inducement.[2]

The economic loss rule represents the proposition that "[i]n the absence of personal injury or property damage, a party is generally not entitled to initiate an action in tort to recover an economic loss." Sarkis v. Pafford Oil Co., Inc., 697 So. 2d 524, 527 (Fla. 1st DCA 1997) (citing Casa Clara Condominium Assoc., Inc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244 (Fla. 1993)). "This rule is based on the premise

---

[2] With regard to Defendant's argument that Counts I and II are redundant and one must be stricken, the Court accepts Plaintiff's argument that Count I relates to Defendant's conduct in inducing Plaintiff to enter into the Billcon agreement, while Count II relates to Plaintiff's detrimental reliance on statements/omissions of Defendant. These claims are clearly closely related, but at this pleading stage do not completely merge. Again, this decision is without prejudice to renewal of the argument after discovery and upon a motion for summary judgment.

that parties to a contractual relationship have allocated their respective rights and remedies and consequently it is inappropriate to introduce tort remedies." Id. There are, however, certain torts which can succeed even where the parties have a contractual relationship. "Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract." HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996). Fraudulent inducement is such an example because it is a tort independent of a breach of contract claim in that it "'requires proof of facts separate and distinct from the breach of contract.'" Indemnity Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004) (quoting HTP, 685 So. 2d at 1239). Nevertheless, not all claims for fraud in the inducement are exempt from the economic loss rule because "one cannot avoid the economic loss rule by merely labeling a claim as fraud in the inducement, the fraud must be separate and distinct from the breach party's performance of the contract." Medalie v. FSC Sec., Corp., 87 F. Supp. 2d 1295, 1305 (S.D. Fla. 2000) (citing Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So. 2d 74, 77 (Fla. 3d DCA 1997)).

In this case, there is no contract between the Plaintiff and Defendant in this case. Plaintiff is alleging that Pat Zambito, as a principal for Defendant, made an intentional statement and/or omission regarding Defendant's undisclosed role as a middleman or distributor for Billcon, resulting in Plaintiff entering into a contract with Billcon, a separate entity, and being billed an extra $200 per unit, apparently beyond the contract price. This claim could require proof of facts separate from the breach of

contract, if there even was a breach of the contract between Billcon and Plaintiff.

### D.  Tortious Interference

A claim for tortious interference of a business relationship (or contract) may be brought in Florida under the following standard:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract (citing to Restatement). . . .
>
> The elements of tortious interference with a business relationship are "(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."

Gossard v. Adia Services, Inc., 723 So.2d 182, 184 (Fla. 1998), *citing* Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla.1994); International Sales & Service, Inc. v. Austral Insulated Products, Inc., 262 F.3d 1152, 1154 (11th Cir. 2001).

Defendant argues that Plaintiff has not only failed to allege these elements but has failed to plead that it had any communication with Bank of America.  Plaintiff argues that it has met the elements and cites to examples of Defendant's contact with Billcon, as opposed to Bank of America.  The Court agrees with Plaintiff that it has sufficiently plead the elements of the claims.  See Plaintiff's Response at p. 7 [DE 16]. As to Defendant's argument regarding contact with Bank of America, it is not clear that this is a requirement, if as alleged in the Complaint, Defendant interfered with the contract between Plaintiff and Billcon (which in turn was to fulfill a supply agreement

with Bank of America). Again, Defendant will be able to raise this argument on summary judgment.

### E.  Conversion

Defendant also seeks to dismiss the conversion claim because Plaintiff is only seeking a return of unspecified money. The elements of conversion in Florida are: "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., 125 F.Supp.2d 1093, 1099-1100 (S.D.Fla. 2000), *citing* Warshall v. Price, 629 So.2d 903, 904 (Fla. Dist. Ct. App. 1993), *rev. den*., 641 So.2d 1346 (Fla. 1994). However, in order for money as personal property to be a proper subject of conversion, it must consist of "specific money capable of identification." Florida Desk, Inc. v. Mitchell Intern., Inc., 817 So.2d 1059, 1061 (Fla. Dist. Ct. App. 2002), quoting Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. Dist. Ct. App. 1970).

Defendant asserts that Plaintiff has failed to sufficiently plead a claim for conversion of money because the specific money is not identified. Plaintiff argues that the Complaint identifies the funds by the $200.00 added to the purchase price of the machines "traceable through invoices and bank records." Complaint, ¶¶ 47, 50. While Plaintiff may have done the minimum to identify the **amount** of the money allegedly converted, Plaintiff has not sufficiently identified the specific funds, nor shown "an obligation to keep intact or deliver the specific money in question," which is not met by simply demanding return of the money. Florida Desk, 817 So.2d at 1061. There was no obligation in this case to separate out the alleged undisclosed fee obtained by

9

Defendant. Therefore, the motion to dismiss is granted as to the conversion claim.

### F.  Attorney's Fees

Defendant has also moved to dismiss or strike Plaintiff's demand for attorney's fees for the various intentional torts alleged in the Complaint.  Defendant argues that Florida law only allows such fees by statute or contract.  There is no statutory claim and no contract between these two parties.  Plaintiff relies upon a 1966 Florida District Court of Appeal decision, which stated that "under certain circumstances of fraud or malice attorneys' fees may be taxed."  Baya v. Central and Southern Florida Flood Control Dist., 184 So.2d 501, 502 (Fla. Dist. Ct. App. 1966).   This appears to still be valid law.  Cook v. Deltona Corp., 753 F.2d 1552, 1564 (11th Cir. 1985).  However, the same District Court of Appeal that decided Baya appeared to limit it to situations where attorney's fees are an element of damages, such as in a malicious prosecution claim, noting that Baya involved a claim of fraud upon the court, not just a simple fraud claim. Weisenberg v. Carlton, 233 So.2d 659, 661 (Fla. Dist. Ct. App. 1970).

This Court concludes that Florida law does not allow attorney's fees to be recovered for the claims and allegations in the present Complaint.  The claims for fraud in the inducement and common law fraud, largely based upon alleged omissions, as well as for tortious interference, do not encompass attorney's fees as an element of damages.  The demand for attorney's fees in the Complaint is therefore stricken.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Quality Data System, Inc.'s Motion to Dismiss [DE 4] is hereby **GRANTED** as to Count IV (Conversion) and **DENIED** as to the other claims;

2. Plaintiff's demand for attorney's fees is hereby **STRICKEN** from the Complaint;

3. Defendant shall file an Answer to the remaining claims by November 7, 2008;

4. Defendant's Motion to Require Plaintiff to Deposit Monies into Restricted Account [DE 19] is hereby **GRANTED**, as it appears unopposed;

5. Within five business days of this Order, if not already done so, Plaintiff shall deposit $419,078.68 which Plaintiff is presently holding and a portion of which Plaintiff expects to receive shortly from Bank of America into an interest bearing bank account (the "Account") with Community Bank of Broward (the "Community Bank"), or other banking institution upon mutual agreement of the parties, and shall be entitled "Jeff Barnes, Esq. Escrow Account for the benefit of Financial Business Equipment Solutions, Inc. or Quality Data Systems, Inc."

6. The funds shall remain in the Account (no withdrawals, transfers or drafts) until the Court makes a final disposition of liability between Financial Business Equipment Solutions, Inc. or Quality Data Systems, Inc. and orders the disbursal of funds.  The banking institution shall provide Account statements to Jeff Barnes, Esq. and Daniel Matlow, Esq.

7. Defendant's Motion to File a Counterclaim [DE 35] is hereby **DENIED as moot**, as the counterclaim may be filed with the Answer;

8. Defendant's unopposed Motion for Extension of Deadlines for Discovery and Dispositive Motions [DE 43] is hereby **GRANTED**;

9. The discovery cutoff is extended until December 12, 2008, with the extension for filing of dispositive motions extended until December 24, 2008;

10. The trial setting will need to be continued to allow for completion of briefing of any summary judgment motions and a ruling in advance of the trial. Because the Court has a specially set multi-defendant criminal case scheduled for mid-February of 2009, the Calendar Call in this case is reset for 9:00am on March 12, 2009, with trial reset for the two-week period commencing March 16, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of October, 2008.

JAMES I. COHN
United States District Judge

copies to:

Jeff Barnes, Esq.
Daniel Matlow, Esq./Steven Marcus, Esq.