UNITED STATES DISTRICT CIRCUIT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-60769-CIV-COHN/SELTZER

FINANCIAL BUSINESS EQUIPMENT
SOLUTIONS, INC., a Florida corporation,

    Plaintiff,
v.

QUALITY DATA SYSTEMS, INC.,
a foreign corporation,

    Defendant.
_____/

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**
**ORDER GRANTING MOTION FOR COSTS**
**ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW**

THIS CAUSE is before the Court upon Defendant Quality Data System, Inc.'s Verified Motion for Attorney's Fees and Costs [DE 48], Defendant's Bill of Costs (Motion for Costs) [DE 49], and Plaintiff's Counsel's Motion to Withdraw [DE 56]. The Court has carefully considered the motions and exhibits, Plaintiff's Response to the Motion for Fees and Costs [DE 54], Defendant's Reply thereto [DE 55], Defendant's Response to the Motion to Withdraw [DE 57], and is otherwise fully advised in the premises. The Court regrets the delay in resolving these motions.

I. BACKGROUND

This dispute arose when Plaintiff Financial Business Equipment Solutions, Inc. ("FBES") attempted to fulfill its contract to supply coin counting machines to Bank of America. In May of 2007, FBES entered into negotiations to obtain these machines from Billcon, an approved Bank of America vendor, through an individual named Pat Zambito. Complaint, ¶¶ 7, 9. Zambito allegedly failed to disclose that he was a

principal for a separate company called Quality Data Systems, Inc. ("QDS"), that would be charging FBES $200 per coin machine that FBES procured from Billcon. FBES entered into a supply agreement and a total amount of over $1 million of coin counting machines were purchased from Billcon/QDS by FBES for Bank of America (approximately 413 machines at $2,650 each). FBES refused to pay the entire bills from QDS due to the "extra" cost of $200 per machine. Because QDS was not an authorized vendor for Bank of America, Bank of America terminated its agreement with FBES.

FBES filed this action in state court against QDS alleging claims for fraud in the inducement, common law fraud, tortious interference with contractual and advantageous business relationships, and conversion. QDS removed the action to federal court. After QDS filed a motion to dismiss, the Court mostly denied the motion, though it did grant an unopposed motion for FBES to deposit money into the Court registry pending resolution of the dispute [DE 45]. After a discovery related ruling against FBES involving disclosure of certain financial records [DE 44], FBES voluntarily dismissed this action without prejudice as no answer had as yet been filed by QDS [DE 46].

QDS then timely sought to recover its attorney's fees of $97,781.20 and costs of $7,072.31. QDS also filed its own action against FBES for breach of contract for non-payment of money owed. Case No. 08-61790-CIV-Cohn/Seltzer. QDS has moved in that related action for FBES to pay QDS's attorney's fees from this action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

### A.  Motion for Attorney's Fees

In order to recover attorney's fees in federal court, a party typically must cite to a statute or contract authorizing such fees.  In this action, QDS relies instead upon the Court's inherent authority to award fees as a sanction for Plaintiff's bad faith in filing this action.  QDS cites to Pafumi v. Davidson, 2008 WL 4084418 (S.D. Fla. Sept. 3, 2008), a decision by the undersigned in which such fees were awarded as a sanction.  The Pafumi decision summarized the relevant governing case law which is incorporated herein.  Pafumi, 2008 WL 4084418, at *2-3.

Several important differences exist between the Pafumi decision and the present case.  First, the plaintiffs in Pafumi litigated their case for a period much longer than in the present case before their claims were involuntarily dismissed by the Court.  In the present case, FBES voluntarily dismissed this action after six months.  Second, and perhaps more importantly, the Court found in Pafumi a "flagrant abuse of the judicial process."  Id. at *4.  In the present case, QDS relies upon the deposition transcripts of FBES's principal as proof of the falsity of the allegations in FBES's Complaint.  Exhibit B to QDS's motion [DE 48-3].  The Court agrees with FBES that the explanations in its deposition do not cause the clarifications of its Complaint to rise to the level of sanctionable bad faith.

In Pafumi, the plaintiff individuals determined to be the perpetrators of fraud had sued other parties claiming the plaintiffs had been defrauded.  In the present action, QDS is correct that FBES owes QDS significant sums for the purchased machines yet

3

FBES managed to first sue QDS and later dismiss its own action, thus delaying payment to QDS.  In addition, there is circumstantial evidence that FBES withdrew this action to avoid compliance with orders of the Court regarding depositing of funds and production of financial documents. However, upon review of all the evidence in this record, this voluntary dismissal is not sanctionable conduct.  This Court cannot conclude that QDS has met its burden to show that FBES filed this action in bad faith.

### B.  Motion for Costs

Defendant QDS also seeks costs in the amount of $7,072.31 as either a sanction or as the prevailing party under Rule 54(a) of the Federal Rules of Civil Procedure.  A district court does retain discretion under Rule 54 to award costs to a defendant in cases not involving a settlement, when a party dismisses an action with or without prejudice.  Cantrell v. International Broth. of Elec. Workers, AFL-CIO, Local 2021,  69 F.3d 456, 458 (10th Cir. 1995) (en banc) (cited with approval in Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); see also Wilkinson v. D.M Weatherly Co., 655 F.2d 47, 49 (5th Cir. 1981)[1] (court can award costs as condition of voluntary dismissal under Rule 41 of Federal Rules of Civil Procedure).  The Court notes that FBES does not make any arguments specifically as to costs in its opposition to Defendant's motion.

The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

 A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In the present case, QDS seeks costs totaling $7,072.31 for the following items: (1) filing fee of clerk ($350.00); (2) fees for service of subpoenas ($40.00); (3) fees for

the court reporter and transcripts of certain depositions ($5,185.85); (4) fees for copying and exemplification ($1,388.46); and (5) Federal Express charge of $8.00 and fax charges of $100.00.

Despite the lack of specific objection, the Court must scrutinize the costs to ensure statutory authority to tax costs. Office overhead costs are not taxable under Section 1920. See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996); DeSisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 914 (M.D.Fla. 1989) (costs for telephone are not recoverable). In this case, the charges for Federal Express and fax charges are not recoverable ($108.00). Thus, the Court will tax costs in the amount of $6,964.31.

## C.  Motion to Withdraw

FBES counsel W.J. ("Jeff") Barnes moves to withdraw due to irreconcilable differences as the company is out of business and is in the process of filing an "Assignment for the Benefit of Creditors." QDS has some objections to the motion but agrees that if asked its position prior to the motion's filing, it would not oppose the motion as long as it is conditioned upon FBES obtaining substitute counsel.

It is a well-settled principle of law that a corporation cannot appear pro se and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985). Although the instant motion states that FBES is represented by Lee Osbourne, Esq., Attorney Osbourne did not file any

appearance in this case. The instant motion does not include a name and address for service upon an appropriate corporate officer, nor does it state the position of the corporate Defendant regarding the motion to withdraw, nor does it appear that an officer of the corporation was copied with the motion (although Attorney Osbourne was copied). Therefore, the Court will deny the motion at this time until either alternate counsel appears or corporate contact information is included in a motion.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Quality Data System, Inc.'s Verified Motion for Attorney's Fees and Costs [DE 48] is hereby **DENIED**;

2. Defendant's Bill of Costs (Motion for Costs) [DE 49] is hereby **GRANTED**;

3. Plaintiff's Counsel's Motion to Withdraw [DE 56] is hereby **DENIED**.

4. The Court will separately enter a cost judgment against FBES.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of May, 2009.

copies to:

Jeff Barnes, Esq.
Daniel Matlow, Esq./Steven Marcus, Esq.